DAVAR HOLDINGS, INC., Landlord, Respondent, *v.* JEROME F. COHEN, Tenant, Appellant.

Supreme Court, Appellate Term, First Department, April 28, 1938.

*Vincent J. Vanasco* [*Jerome F. Cohen* of counsel], for the appellant.

*Struckler & Levine* [*Joseph Winkler* of counsel], for the respondent.

FRANKENTHALER, J. In this summary proceeding for non-payment of forty dollars rent the tenant, occupant of apartment in a multiple dwelling, counterclaimed in the sum of forty-five dollars, the reasonable cost of painting and decorating his apartment.

The tenant held over as a yearly tenant under a lease containing an automatic renewal clause. In August, 1937, the landlord notified the tenant that his tenancy expired October 31, 1937, but that if he desired to renew for another year his rent would be forty-seven dollars a month. By a letter dated September 9, 1937, the tenant called the attention of the landlord to the fact that under the

automatic renewal clause the landlord was required to give him three months' notice to terminate the lease, that the notice actually given was insufficient, and he would accordingly remain in possession for an additional year on the same terms as the existing tenancy. At the same time the tenant called upon the landlord to repaint and redecorate the apartment throughout. The landlord not complying with the request, the tenant complained to the tenement house department, and that department filed violations against the premises requiring specific painting and repairs to be done by the landlord in the tenant's apartment.

The tenant testified that when the workmen wanted to go into the apartment to do the work for the removal of the violations he would not let them do anything in the apartment — that he would not permit them " to do any whitewashing; " that the tenant himself got a painter to do the work — not only the work required to be done to remove the violations but additional work, and that the reasonable cost of doing the work was forty-five dollars.

At the close of the tenant's evidence the justice dismissed the counterclaim on the ground that as the tenant refused to permit the landlord to enter the premises to do the work required by the violations the tenant had no cause of action.

At common law the landlord, in the absence of covenant, was under no duty to decorate or repair the demised premises. By sections 78 and 80 of the Multiple Dwelling Law the landlord is required to keep every multiple dwelling and every part thereof in good repair and in a sanitary condition. If by the act or default of the landlord the apartment became untenantable the tenant had a right to vacate the premises. Such eviction would be a defense to a further demand for rent, and would entitle the tenant to recover his damages. In this instance, however, although the landlord desired to terminate the tenancy the tenant insisted upon his right to continue the tenancy for an additional year.

By chapter 871 of the Laws of 1930, applicable to property occupied for dwelling purposes in the city of New York, upon proof that notice to remove or cease a nuisance or a violation or to make necessary and proper repairs has been " made " by the tenement house or any other department having jurisdiction, and the condition is such as " to constructively evict the tenant from a portion of the premises occupied by him," the court may stay summary proceedings for non-payment of rent, or any action for rent or rental value of the premises or any part thereof on payment of the rent into court. Upon proof that the notice or order has been complied with the stay, upon notice to the tenant, is vacated. (See *941 Park Avenue Corporation* v. *Fried*, 148 Misc. 137.)

The tenant did not avail himself of the provisions of the act; as before stated, because the landlord, as he claims, did not offer to comply with the requirements of the violation but insisted upon whitewashing instead of painting, he had the work and other work not specified in the notice done by his own contractor, charging the cost to the landlord.

I do not think the remedy provided by the statute is exclusive, for if the landlord after due notice refuses to do the work required it seems to me the tenant would have a right to do it and charge the reasonable cost of performance to the landlord. But the tenant cannot in such case prevent compliance by the landlord, do the necessary work himself and charge the cost against the landlord. However, in the light of the tenant's claim that the landlord refused to follow the directions of the department it was error to dismiss the counterclaim, for the testimony sufficed to put the landlord to its proofs.

Judgment and final order reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

LYDON and SHIENTAG, JJ., concur.